IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| HAROLD DOUGLAS BULLARD #225 596 | * | |
| Petitioner, | * | |
| v. | * | 3:09-CV-190-TMH (WO) |
| J.C. GILES, *et al.*, | * | |
| Respondents. | * | |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 11, 2009 the court granted Petitioner fifteen days to file with the Clerk either the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* accompanied by an affidavit in support thereof. Petitioner was cautioned that his failure to comply with the March 11 order would result in a Recommendation that his petition be dismissed. The requisite time has passed and Petitioner has not provided the court with either the filing fee or a motion for leave to proceed *in forma pauperis*. Consequently, the court concludes that dismissal of this case is appropriate for Petitioner's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Petitioner's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **April 22, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of April 2009.

                             /s/Terry F. Moorer
                             TERRY F. MOORER
                             UNITED STATES MAGISTRATE JUDGE